BENJAMIN F. CARR, plaintiff in error, *vs.* A. H. LEE, executor *et al.*, defendants in error.

Where a summons of garnishment has been served on a defendant, and he can protect himself in a Court of law by filing his answer, stating the fact as to his indebtedness, a Court of equity will not interfere by granting an injunction to restrain the parties in the exercise of their legal remedies.

Carr *vs.* Lee *et al.*

Garnishment. Set-off. Injunction. Before Judge GREEN. Newton county. October, 1871.

This bill contained the following averments: Carr, late in 1862, or early in 1863, contracted with Isaac P. Henderson for a house and lot in Covington. Carr then lived in Covington, and had a comfortable home. He had married Henderson's youngest child. Henderson was then nearly seventy years old, and his wife was aged. Henderson's other children were married and had homes. Henderson and his wife lived alone. Henderson was old, and his eyesight was failing, and proposed that Carr should sell his home and live with him. After being urged thereto, Carr sold his home, now worth $3,000 00, on credit, and has lost nearly its whole value, by reason of the purchaser having resold it and being insolvent.

When Carr went to live with Henderson, he bought Henderson's house, giving therefor his note for $5,000 00, to be due at Henderson's death, without interest, and allowing Henderson to live with him and use part of the house during his life. In the fall of 1864, Henderson died testate. By his will, Augustus H. Lee was appointed his executor, and has qualified as such. Mrs. Henderson survived Henderson, and continues to live with Carr, he furnishing her board, etc., etc. By the will, Lee was directed to pay Mrs. Henderson $5,000 00 during her life, and a sum sufficient to buy a servant, to serve her during her life. Lee found Carr's note among Henderson's assets, and took charge of it. Mrs. Henderson would have accepted it, but Lee would not let her have it.

Upon Carr's refusal to pay said note, Lee sued him. The matter was arbitrated, and the award was, that Carr should pay but $3,500 00, because it was a Confederate contract. This award was made the judgment of the Superior Court, in March, 1868; a *fi. fa.* was issued thereon, and was levied upon said house and lot. The sale was stopped by affidavit, under the Relief Act of 1868. This affidavit was dismissed.

Carr *vs.* Lee *et al.*

The sheriff is now proceeding to sell said land, under said *fi. fa.*, in November, 1871. Mrs. Henderson sued Lee, as executor, and obtained a judgment against him for, say $7,000 00, on the 4th of October, 1871, and has garnisheed Carr. If he pays Lee, she will take a judgment against him for the $3,500 00, and interest, which he owed Lee, as executor, when he was garnisheed. And she is unable to respond to him in damages. Besides, she owes him, Carr, say $2,500 00, for board, etc., and, in equity, this account should be allowed him as a set-off against her garnishment.

He prayed injunction against the sale by Lee's *fi. fa.*, and that this set-off be allowed, and that he pay the balance to Mrs. Henderson, in full discharge of said *fi. fa.*, and that she be enjoined from pursuing her garnishment at law. The Chancellor, after argument, refused the injunctions. That is assigned as error.

A. B. Sims, for plaintiff in error.

L. B. Anderson; J. J. Floyd, for defendants.

Warner, Judge.

This was a bill filed praying an injunction on the following statement of facts : In March, 1868, Lee, executor of Henderson, obtained a judgment against Carr, the complainant, for $3,500 00, on which an execution issued, was levied on Carr's property, and advertised for sale by the sheriff on the first Tuesday of November, 1871; that, on the 4th October, 1871, Ruth Henderson, a judgment creditor of Lee, whose judgment was obtained 29th March, 1871, sued out a summons of garnishment against Carr, requiring him to answer at the Superior Court of Rockdale county, on the second Monday in March, 1872, what he was indebted to Lee. The Court refused the injunction, and the complainant excepted. If Carr's property had been sold as advertised on the first Tuesday in November, 1871, and had satisfied Lee's judg-

Grubb *et al. vs.* Bullock.

ment against him, then he would not have owed him any-
thing, and could have so answered the summons of garnish-
ment in March, 1872, but if the sale of his property did not
satisfy Lee's judgment, then he could answer what amount
he then owed Lee after deducting the amount for which his
property levied on had been sold, so that there would have
been no difficulty in protecting himself from having to pay
the debt twice, as the summons of garnishment did not re-
quire him to answer until March, 1872, and Lee's judgment,
being of older date than the service of the summons of gar-
nishment, would have protected him as against Ruth Hen-
derson's garnishment as to the amount of the sale of his prop-
erty.    Let the judgment of the Court below, refusing the
injunction, be affirmed.

LOCHRANE, Chief Justice, and McCAY, Judge, concurred
for different reasons, but wrote no opinions.

---

T. F. GRUBB *et al.*, trustees, plaintiffs in error, *vs.* R. B.
BULLOCK, Governor, defendant in error.

Where the pardon of the Governor was pleaded by the sureties in dis-
charge of their bond for the appearance of their principal, and the re-
cital of facts in the pardon showed that it was not applied for by the
accused, who was out of the State, and the plea failed to show *its deliv-
ery to him and acceptance by him,* and the Court sustained a demurrer
to the plea:

*Held,* Under the facts, there was not error.    Assuming that, under the
Constitution of 1868, the Governor may exercise the pardoning power
*before* conviction, (see decision of this Court in Dominick *vs.* jailor
Spalding county, and 29 Missouri, 300,) yet pardons *before conviction*
are based upon the confession of the imputed guilt by the accused, and
before such pardon takes effect it must be accepted by the accused, and
when the plea of pardon by sureties fails to set up its acceptance by
their principal, evidenced by his application for the pardon and deliv-
ery to him or his acceptance of it when done, the pardon, granted with-
out the application of the principal and not evinced by his acceptance
of it, is of no effect.    See concurring opinions.

Recognizance. Pardon. Before SAMUEL HALL, Judge *pro hac vice.* Upson Superior Court. May, 1871.

This cause was tried before Samuel Hall, Esq., Judge *pro hac vice,* by consent. Hancock was indicted for having committed an assault, with intent to murder one Spivey *et al.,* in said county, on the 13th of September, 1867. He was arrested, and gave bond for $400 00 for his appearance to answer said charge, with ten sureties. At November Term, 1869, the bond was estreated. *Scire facias* was served upon the sureties, requiring them to show cause why the rule for forfeiture of the recognizance should not be made absolute. Hancock was not served, and the securities admitted that he had fled from the State. They said the rule should not be made absolute, because Spivey had been pardoned by the Governor of this State. And they pleaded a pardon in due form, and duly executed, whereby Governor Bullock pardoned him, and after reciting the pendency of the indictment, recited therein that a petition had been presented by Hancock and said sureties, asking for his pardon, because, since they signed his bond, he had absconded, and they could not arrest him, and to pay his bond would greatly injure them, " who were of limited means, and solely depending upon their daily exertions for a support;" and that one of the prosecutors earnestly joins in the petition, " not for the purpose of shielding him from the hands of justice, but merely for the sake of those who have become sureties on his bond."

Counsel for the State demurred to the plea: 1st. Because pardon could not go before conviction. 2d. Because this was no pardon, but simply an illegal attempt to relieve the sureties. 3d. Because it was not pleaded that said pardon was delivered to, and accepted by Hancock. The demurrer was sustained and judgment was entered against the sureties. This is assigned as error.

DOYAL & NUNNALLY; J. I. HALL, for plaintiff in error.

SMITH & ALEXANDER; L. B. ANDERSON, Solicitor General for the State.

LOCHRANE, Chief Justice.

There can be no question as to the right of sureties to plead the pardon of their principal in answer to and defense of their contract with the State, to produce him to answer an alleged offense. This legal proposition is abundantly sustained by authority. It would work the grossest injustice if it were held otherwise. The accused is under arrest, by the State, for an offense against the criminal law; he is surrendered to his securities, upon their entering into a bond and binding themselves for his appearance at the Court to answer the charge made. If the State pardons the principal and blots out the offense, there is nothing for him to answer; and it would be the grossest injustice to bind the security, when the means of compelling his attendance had been annulled.